**Nathan ROITMAN, Plaintiff,**

v.

**NEW YORK CITY TRANSIT AUTHORITY; Thomas Golden; and Albert Marinelli, Defendants.**

**No. 88 CV 0448.**

United States District Court, E.D. New York.

Feb. 2, 1989.

Michael Rikon, New York City, for plaintiff.

William A. Gogel, Agulnick & Gogel, New York City, for Golden.

McLAUGHLIN, District Judge.

Defendant Thomas Golden moves pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Complaint on the ground that the claims raised pursuant to 42 U.S.C. §§ 1983, 1988 are time-barred and that the facts alleged pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 ("RICO"), do not state a claim thereunder. For the reasons discussed below, the motion is granted in part and denied in part.

### FACTS

The Complaint alleges the following facts, which for purposes of this motion, are deemed true:

On October 6, 1986, plaintiff, upon exiting a subway train at Roosevelt Avenue in Queens, was arrested for sexually abusing a female passenger. Defendant Golden was the arresting plainclothes New York City Transit police officer. Plaintiff was placed in custody, searched, fingerprinted, photographed, processed and charged with Sexual Abuse in the Third Degree pursuant to N.Y.Penal L. § 130.55. Defendant Golden arrested plaintiff without probable cause and on knowingly fabricated criminal charges.

Plaintiff was subsequently released pending an appearance in Queens County Criminal Court on November 13, 1986. On November 6, 1986, defendant Golden signed a complaint setting forth the basis of plaintiff's arrest. Plaintiff pleaded not guilty to the charges and the matter was adjourned to November 25, 1986. After three additional adjournments, at which plaintiff appeared, the charges were dismissed because the complaining witness failed to appear.

On November 24, 1987, plaintiff learned from an article in the New York Times of the existence of a July 9, 1984 report issued by the Internal Affairs Unit of the

New York City Transit Authority Police Department ("NYCTAPD") that sustained charges against plainclothes Transit police officers. The July 9, 1984 Report stated that there existed serious irregularities and wrongful arrests on fabricated criminal charges being made by plainclothes transit police officers.

In a Complaint filed in February 1988, plaintiff alleges that the October 6, 1986 false arrest and the subsequent malicious prosecution deprived him of his constitutional rights secured by the fourth, fifth, sixth, eighth and fourteenth amendments in violation of 42 U.S.C. § 1983. In his second claim, plaintiff alleges that the defendant Golden acted pursuant to an official policy of the New York City Transit Authority ("NYCTA") and seeks damages under § 1983 from the NYCTA.

Plaintiff's third claim, the RICO claim, alleges that "during the period up to and including February 20, 1987," defendants Golden and Marinelli engaged in "racketeering activity" by repeatedly causing the fingerprints taken of those falsely arrested to be transmitted via interstate wire communication in violation of 18 U.S.C. § 1343 and by repeatedly causing knowingly false criminal affidavits and other papers to be sent and delivered through the United States mails in violation of 18 U.S.C. § 1341. It is further alleged that these repeated acts of mail and wire fraud constituted a "pattern of racketeering" and that defendants Golden and Marinelli knowingly conducted and participated in the affairs of an enterprise, the NYCTAPD, through a pattern of racketeering that was the direct and proximate cause of plaintiff's injuries.

Defendant Golden moves to dismiss the Complaint on the grounds that (1) the § 1983 claim is time-barred; and (2) the RICO claim is insufficient because it fails to allege a cognizable property interest and because it fails to properly allege a pattern.

## DISCUSSION

### I. SECTION 1983

■ Defendant's challenge to the timeliness of plaintiff's § 1983 claim can be quickly dispatched. In *Okure v. Owens*, 816 F.2d 45 (2d Cir.1987), *aff'd*, — U.S. —, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), the Second Circuit concluded that the three year period of limitations provided by N.Y. C.P.L.R. § 214(5) governs § 1983 claims arising in New York. *Id.* 816 F.2d at 49. The instant claim arose well within three years before the Complaint was filed in February 1988. Accordingly, defendant's challenge has no merit.

### II. THE RICO CLAIM

■ In *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), the Supreme Court concluded that the mail fraud statute is "limited in scope to the protection of property rights." *Id.* 107 S.Ct. at 2881. This protection is accorded regardless of whether the property right is tangible or intangible in nature. *Carpenter v. United States*, 484 U.S. 19, — — —, 108 S.Ct. 316, 321–22, 98 L.Ed.2d 275 (1987). The res that has been fraudulently obtained, however, must be property in the eyes of the victim of the fraud—rather than in the eyes of the perpetrator of the fraud. *Id.; see United States v. Evans*, 844 F.2d 36, 39 (2d Cir. 1988); *United States v. Grossman*, 843 F.2d 78, 86 (2d Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 864, 102 L.Ed.2d 988 (1989).

Plaintiff alleges the following property interests in his Complaint: (1) "humiliation, emotional distress, pain and suffering", Complaint ¶ 27; (2) damage to his "reputation, good name, honor and integrity" to the extent that he "has been unable to obtain employment as a teacher for fear that he has been labeled a sex offender," *Id.* ¶ 28; and (3) that the defendants Golden and Marinelli fraudulently enriched themselves with "salary increases, overtime pay, promotions and career advancements based on each defendant's aggregate number of arrests." *Id.* ¶ 50. None of these interests, however, are property interests cognizable under the mail fraud statute.[1]

---

1. Using the same analysis, these property interests are also not cognizable under the wire

Clearly, the first two categories bespeak personal interests rather than property interests. *See United States v. Ferrara*, 701 F.Supp. 39, 42–43 (E.D.N.Y.1988) (reputation not a property interest), *aff'd without opinion*, 868 F.2d 1268 (2d Cir. 1988).

With respect to the reputation injury, plaintiff also claims that he was unable to obtain employment as a teacher for fear that he has been labelled a sex offender. There is no allegation, however, that he was employed as a teacher at the time of the arrest and lost his job because of the arrest or whether he was and still is unemployed. Analyzing property rights for the purposes of § 1983 in *Board of Regents v. Roth*, the Supreme Court held: "to have a property interest in a benefit, a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *see also Perry v. Sinderman*, 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972); *S & D Maintenance Co. v. Goldin*, 844 F.2d 962, 965 (2d Cir.1988). Plaintiff here has alleged no more than an expectation of employment. He has no property right in this expectation.

Finally, plaintiff's allegation that defendants Golden and Marinelli were financially enriched by virtue of their fraudulent actions is not property in which plaintiff has an interest. *Carpenter, supra*, 108 S.Ct. at 321–22; *see United States v. Thomas*, 686 F.Supp. 1078, 1083–85 (M.D. Pa.1988). In this regard, plaintiff was, at best, deprived of his right to an honest police department. This alone, however, does not bring defendant's actions within the mail fraud statute. *See McNally, supra*, 107 S.Ct. at 2879.

Since plaintiff has failed to allege a property interest cognizable under the mail fraud statute, the RICO claim must fail. Accordingly, the Court does not reach the issue of whether the allegations are sufficient to constitute a pattern of racketeering.

## CONCLUSION

Defendant Golden's motion to dismiss is denied with respect to plaintiff's first claim pursuant to § 1983 and granted with respect to his third claim, which alleges a violation of RICO.

SO ORDERED.

fraud statute. *See Carpenter, supra*, 108 S.Ct. at 320 n. 6.